**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ZAVATION MEDICAL PRODUCTS,
LLC,**

<div style="margin-left:2em">**Plaintiff,**</div>

<div style="margin-left:2em">**v.**</div>

**ROGER P. JACKSON, M.D., THOMAS
GEMMELL, IQRA IQBAL,
AND POLSINELLI, PC,**

<div style="margin-left:2em">**Defendants.**</div>

**CASE NO.  3:26-cv-254-KHJ-MTP**

**COMPLAINT**

## NATURE OF THE ACTION

1.      This is an action brought by Plaintiff Zavation Medical Products, LLC ("Zavation" or "Plaintiff") for declaratory relief arising under the patent laws of the United States, including declarations of non-infringement and invalidity, and for violation of the Mississippi Bad Faith Assertions of Patent Infringement Act; (Miss. Code Ann. §§ 75-24-351, *et seq*.) (hereinafter, the "BFAPIA").

2.      This case arises out of the bad faith assertions of patent infringement by defendants Thomas Gemmell ("Gemmell"), Iqra Iqbal ("Iqbal"), Polsinelli PC ("Polsinelli") (collectively, "Polsinelli Defendants"), and Dr. Roger Jackson ("Jackson"), (collectively with the Polsinelli Defendants, "Defendants"), to extract and extort an unsupported and unreasonable license from Zavation. Defendants allege infringement of eighteen U.S. Patents: (1) U.S. Patent No. 8,353,932 (the '932 Patent) **Exhibit 1**; (2) U.S. Patent No. 8,556,938 (the '938 Patent) **Exhibit 2**; (3) U.S. Patent No. 9,308,027 (the '027 Patent) **Exhibit 3**; (4) U.S. Patent No. 9,456,853 (the '853 Patent) **Exhibit 4**; (5) U.S. Patent No. 9,999,452 (the '452 Patent) **Exhibit 5**; (6) U.S. Patent No. 10,039,577 (the '577 Patent) **Exhibit 6**; (7) U.S. Patent No. 10,245,078 (the '078 Patent) **Exhibit 7**; (8) U.S. Patent No. 10,441,319 (the '319 Patent) **Exhibit 8**; (9) U.S. Patent No. 10,751,095 (the '095 Patent) **Exhibit 9;** (10) U.S. Patent No. 11,051,856 (the '856 Patent) **Exhibit 10**; (11) U.S. Patent No. 11,185,352 (the '352 Patent) **Exhibit 11**; (12) U.S. Patent No. 11,419,638 (the '638 Patent) **Exhibit 12**; (13) U.S. Patent No. 11,707,301 (the '301 Patent) **Exhibit 13**; (14) U.S. Patent No. 11,826,079 (the '079 Patent) **Exhibit 14**; (15) U.S. Patent No. 11,925,392 (the '392 Patent) **Exhibit 15**; (16) U.S. Patent No. 11,931,080 (the '080 Patent) **Exhibit 16**; (17) U.S. Patent No. 12,023,069 (the '069 Patent) **Exhibit 17**; and (18) U.S. Patent No. 12,471,958 (the '958 Patent) **Exhibit 18** (collectively, the "Asserted Patents").

1

3.      Beginning on May 2, 2024 and continuing sporadically since that time through the course of several letters, email correspondences, and meetings thereafter, Defendants have reiterated their unsupported and meritless accusations that Zavation's products infringe various claims of the (18) eighteen Asserted Patents, and have demanded that Zavation enter into a license agreement and pay a royalty or face litigation.

4.      Despite nearly two years of repeated requests by Zavation seeking fulsome claim charts containing the necessary evidence to support Defendants' allegations, Defendants have failed to provide sufficient factual details regarding the specific areas in which each of the accused Zavation products are covered by one or more claims in each of the Asserted Patents.

5.      As explained in greater detail below, Zavation does not infringe any valid or enforceable claim of any of the Asserted Patents.

6.      Defendants' objectively baseless allegations of infringement against a Mississippi company are exactly the type of bad faith assertions that the Mississippi Bad Faith Assertions of Patent Infringement Act was designed to prevent. Defendants are all in violation of the BFAPIA.

7.      Therefore, Zavation requests relief as follows: (a) a declaratory judgment that Zavation's products do not infringe the Asserted Patents because they do not meet each and every limitation of any asserted claim; (b) that the Asserted Patents be found invalid pursuant to 35 U.S.C. §§ 102, 103, and/or 112, and (c) the entry of appropriate injunctive relief and the recovery of an award of actual damages and punitive damages resulting from Defendants' unlawful and abusive conduct in violation of the BFAPIA and other applicable law.

## THE PARTIES

8.      Plaintiff Zavation is a Mississippi Limited Liability Company organized and existing under the laws of the state of Mississippi, with its principal place of business in this

District at 3670 Flowood Dr., Flowood, MS 39232.

9.      Zavation is a medical device company that designs, develops, manufactures, and distributes medical device products that provide comprehensive medical solutions to improve and enhance quality of life for patients around the world.

10.      On information and belief, defendant Dr. Roger Jackson is an individual residing at 4706 W 86th Street, Prairie Village, Kansas 66207. Jackson is the sole assignee of the Asserted Patents.

11.      On information and belief, defendant Polsinelli PC is a Professional Corporation organized and existing under the laws of the state of Missouri, with its principal place of business at 900 West 48th Place, Suite 900, Kansas City, MO 64112.

12.      On information and belief, Defendant Polsinelli PC is a large law firm employing over one thousand (1,000) attorneys across twenty-three (23) offices, with a substantial geographic reach.

13.      On information and belief, Defendant Thomas L. Gemmell is an attorney licensed and residing in Illinois and shareholder with Polsinelli overseeing Iqbal.

14.      On information and belief, Defendant Iqra Iqbal is an attorney licensed and residing in California, and an associate with Polsinelli working under the direction of Gemmell.

15.      Defendant Jackson conspired with the Polsinelli Defendants to engage in the conduct described here, including abusive conduct under the BFAPIA and in bad faith accused Zavation of infringing the Asserted Patents.

## JURISDICTIONAL STATEMENT

16.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and under the patent laws of the United States, 35 U.S.C. §§ 1–390.

3

17.    This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a) and 2201(a).

18.    Because the amount in controversy exceeds $75,000, and because Zavation, Jackson, Iqbal, Gemmell, and Polsinelli are all diverse parties, the Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

19.    The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over all other claims asserted or that may be asserted that are so related to claims within the original jurisdiction of this action that they form part of the same case or controversy under Article III of the United States Constitution, including over Zavation's claim under the BFAPIA (Miss. Code Ann. §§ 75-24-351, *et seq*.) because, as set forth below, the BFAPIA claim is related to the claim(s) over which the Court has original and subject matter jurisdiction.

20.    This Court has personal jurisdiction over Defendants because they knowingly directed their bad faith infringement claims and demands into this District and specifically to Zavation's address in Flowood, Mississippi as evidenced by the Defendants' unlawful attempt to extract a royalty from Zavation. By seeking out and demanding a license from Zavation, an entity known to exist under the laws of and operate in Mississippi and in this District, Defendants subjected themslves to personal jurisdiction in this District.

21.    Defendants' initial communication with Zavation, a letter dated May 2, 2024, (the "Demand Letter" attached hereto as **Exhibit 19**) was addressed and delivered to Zavation's Mississippi address which constitutes a separate act sufficient to warrant personal jurisdiction over Defendants. In that initial Demand Letter, Defendants demanded "a licensing agreement that would allow broad rights for Zavation to have access to substantially all of Dr. Jackson's extensive spinal implant patent portfolio." Other letters that followed threatened litigation against Zavation

4

as noted in more detail below.

22.    The Court has specific personal jurisdiction over Defendants because the causes of action herein arise out of and relate to Defendants' contact with the state and this District, namely sending the Demand Letter to Zavation at its Mississippi address.

23.    Zavation's products that are immediately threatened with patent infringement were developed, in part, in Mississippi, and many of Zavation's customers are also based in Mississippi. Zavation manufactures a vast majority of the accused products in Mississippi. Zavation's corporate headquarters are located in Flowood Mississippi, and Zavation employs over one-hundred and forty (140) total employees and other individuals in the state of Mississippi.

24.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to Zavation's claims occurred in this District, and because the Defendants subjected themselves to personal jurisdiction by sending bad faith assertions of infringement into this District.

## BACKGROUND

### *ZAVATION AND ITS SPINAL SOLUTIONS*

25.    Zavation is a leading manufacturer of spinal implants, instruments and biologics intended to improve and enhance the quality of life for patients around the world. Zavation's portfolio of spinal hardware covers a number of key areas including thoracolumbar, cervical, interbody fusion and minimally invasive surgery for healthcare organizations.

26.    Zavation owns a substantial portfolio of intellectual property, including over fifty-five (55) United States patents and patent applications, numerous trademarks, trade secrets, and other proprietary rights (collectively, "Zavation IP").

27.    The Zavation IP reflects significant investment in research, development, engineering, and commercialization efforts, and Zavation actively protects its intellectual property

5

rights.

28.    At the same time, Zavation respects the valid and enforceable intellectual property rights of others, does not condone infringement, and conducts its business with the intent to avoid infringing the valid intellectual property rights of third parties in compliance with applicable intellectual property laws.

29.    Zavation's current posterior fixation product lineup at issue includes the following products designed for a variety of applications: (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix. Representative examples of each are shown below:



*CoreLink Tiger MIS:*

*Tiger 2:*

*Tiger X-Tabs:*

*Tiger OCT:*



*Centrafix*

30.     While Zavation has made improvements to posterior fixation components, vertebral and pedicle screw fixation technology itself is not new, having been in use to treat spinal conditions since at least the 1940s. At this point, the technology is well developed, with hundreds of variations currently available in the marketplace.

### DEFENDANTS' JOINT INFRINGEMENT EXTORTION CAMPAIGN

31.     Jackson does not manufacture or commercialize any product or service that is covered by the Asserted Patents. Instead, Jackson's business model is predominantly directed to monetizing his patents through licensing.

32.     Jackson does not currently practice medicine and no longer holds a medical License in Missouri, his state of residence.

33.     Jackson is the named inventor and assignee of over three hundred patents and patent applications directed to posterior spinal fixation systems and related orthopedic technologies (the "Jackson Patents").

34.     The Polsinelli Defendants in various capacities represent Jackson in connection with the filing, prosecuting, licensing, and enforcing, and defending in Inter-Partes Review

("IPR") proceedings of (and are also listed as attorneys of record with the United States Patent and Trademark Office for) the Asserted Patents and all other Jackson Patents, and have acted and continue to act on Jackson's behalf in connection with the assertion of those patents against third parties.

35.     Upon information and belief, Jackson has conspired with the Polsinelli Defendants to repeatedly assert bad-faith patent litigation claims for financial gain.

36.     Jackson has initiated at least three separate lawsuits against other entities engaged in the sale and manufactures of posterior fixation devices: (1) *Jackson v. Highridge Medical LLC,* 1:22-cv-00891 (D. Delaware 2022); (2) *Jackson v. Seaspine Holdings Corporation,* 1:20-cv-01784 (D. Delaware 2020)*; (3) Jackson, M.D. v. NuVasive, Inc.,* 1:21-cv-00053 (D. Delaware 2021) ("Jackson Actions").

37.     Upon information and belief, the Jackson Actions form part of a broader pattern in which Jackson and the Polsinelli Defendants target manufacturers and sellers of posterior fixation devices with allegations of infringement of the Jackson Patents in order to extract licensing payments.

38.     The Polsinelli Defendants have participated in bad faith assertions of patent infringement against Zavation and other companies in addition to the Jackson Actions, and have also been involved in prosecuting or assisting with the prosecution of the Jackson Patents and related patent applications before the United States Patent and Trademark Office, which makes them both culpable under the BFAPIA and material witnesses to Zavation's claims raised herein.

39.     Upon information and belief, no meaningful prosecution bar or similar ethical screen has been implemented to separate the Polsinelli Defendants involved in patent prosecution of Jackson Patents from those engaged in enforcement and licensing activities relating to those

8

patents.

40.     In furtherance of this pattern, Defendants have repeatedly sent demand letters and other communications to Zavation and other third parties asserting infringement of the Asserted Patents and other Jackson Patents, demanding recipients to enter into a royalty-bearing license rather than providing substantive explanations of the alleged infringement.

41.     These communications frequently reference the Jackson Patent "portfolio" and demand recipients secure a license covering a multitude of patents, including patents that have expired or that Defendants have not meaningfully analyzed with respect to any accused products.

42.     Upon information and belief, Defendants employ substantially similar claim charts and infringement allegations when asserting the Asserted Patents and other Jackson Patents against multiple companies, regardless of the specific design or functionality of the accused products or implication of prior art that anticipates or makes obvious the Jackson Patents.

43.     Defendants' transmission of these letters was done carelessly and in bad faith. For example, in one instance, Defendants transmitted a demand letter purportedly directed to Osseus Spine that was, in fact, addressed to the Chief Executive Officer of CoreLink Spinal, evidencing a lack of basic diligence, carelessness in preparing infringement communications, and a failure to meaningfully review the underlying allegations prior to asserting them. *See* **Exhibit 20.**

44.     In another instance, Defendants sent claim charts asserting infringement of at least one patent whose claims have been entirely disclaimed or cancelled as a result of Inter-Partes Review ("IPR") proceedings and did not appeal, further evidencing Defendants' pattern of making baseless assertions of patent infringement lacking any reasonable basis in fact or law, and without the required analysis of the patent's validity or applicability, in direct violation of Miss. Code Ann. §§ 75-24-351, *et seq*. *See* **Exhibit 21** (March 3, 2026 email to Zavation Counsel asserting U.S.

9

Patent 11,399,873); **Exhibit 22** (Defendants' Response to IPR disclaiming all claims of '873 Patent).

45.     Rather than providing any detailed factual analyses of the alleged infringement, Defendants' claim charts largely consist of reproductions of patent claim language paired with images taken from the third-party websites or third-party patents without identifying where each claim limitation is allegedly found in the accused products.

46.     Defendants have sent claim charts asserting infringement of patents whose claims have been entirely disclaimed or cancelled as a result of Inter-Partes Review ("IPR") proceedings, further evidencing Defendants' pattern of asserting patents without meaningful analysis of their validity or applicability.

47.     Upon information and belief, the purpose of these communications is not to resolve legitimate disputes regarding patent infringement, but instead to pressure recipients into paying baseless licensing fees in order to avoid the cost and disruption of litigation.

48.     Each of the Defendants have acted in concert in carrying out their illegal campaign by transmitting bad faith infringement allegations with incoherent claim charts to convey unreasonable licensing demands against Zavation and other companies in the posterior fixation industry. These communications are transmitted on Defendant Polsinelli's letterhead and in the name of the firm and its attorneys, invoking the authority and credibility of the law firm to amplify the threat of litigation and to pressure recipients to agree to Defendants' bad faith licensing demands.

49.     Publicly available data further demonstrates that Jackson's patent monetization efforts have been financially lucrative. According to the Centers for Medicare & Medicaid Services' Open Payments ("CMMSOP") database, Dr. Roger Jackson has extracted substantial

payments from medical device manufacturers in connection with spinal device technologies. For example, the CMMSOP database reports that Jackson received approximately **$60,000,000** in royalty or license fees from nine (9) distinct posterior fixation companies since 2018. These publicly reported royalty payments illustrate the significant financial compensation Jackson has obtained through monetization of his Jackson Patents despite not actually commercializing or practicing the claimed inventions in the marketplace himself.

***DEFENDANTS SEND A DEMAND LETTER***

50. Defendants first contacted Zavation via letter dated May 2, 2024, attached hereto as **Exhibit 19** (hereinafter the "Demand Letter"). Accompanying the Demand Letter were ten (10) claim charts, attached hereto as **Exhibit 23**, in which Defendants alleged that Zavation's products "need a license to at least" ten (10) of the eighteen (18) Asserted Patents ultimately asserted by Defendants to date, out of "over 275 U.S. patents, as outlined in the [] Jackson IP Portfolio Index" attached hereto as **Exhibit 24**.

51. At the time this letter was sent, Defendants' infringement allegations included claims of infringement for patent applications which had not yet been issued and therefore were not yet enforceable. For example, the May 2, 2024 letter asserted that Zavation allegedly infringed "U.S. Patent No. 2023/0020230." Yet this patent application was still pending at the patent office at the time the letter was sent, did not receive a notice of allowance until May 22, 2024, and did not issue as the '069 Patent until June 12, 2024.

52. The BFAPIA delineates information that should be included in a proper patent licensing demand letter.

53. Neither Defendants' Demand Letter nor the accompanying claim charts included the critical information required by § 75-24-353 of the BFAPIA. Specifically, neither contained

"[t]he factual allegations concerning the specific areas in which the intended recipient or affiliated person's products, services, or technology infringed the patent or are covered by the claims in the patent" as required by § 75-24-353(1)(c)(iv)(3) of the BFAPIA.

54.    Rather than analyze each Zavation product on a claim-by-claim and element-by-element basis, Defendants' claim charts accompanying the Demand Letter impermissibly mixed and matched disparate Zavation products within a single purported infringement analysis, and in some instances alleged infringement by multiple devices while providing a purported analysis for only one, leaving it unclear which accused product allegedly practiced which claim limitation. By way of example, an excerpt of the claim chart provided for the '079 Patent is depicted below which alleged infringement of Zavation's CoreLink Tiger and Centrafix products, but only provided a purported analysis of the Zavation Tiger product. *See* **Exhibit 23:**



55.    The claim charts further failed to identify where each specific claim element was allegedly found within any actual Zavation product. Instead, Defendants simply pasted images of the allegedly infringing devices alongside portions of the asserted claims without any accompanying analysis. By way of example, an excerpt of the claim chart provided for the '095 Patent is depicted below and attached hereto as **Exhibit 23**:

12



| the closure guide and advancement structure having an outer crest surface extending vertically along and being parallel with the central axis and | |
|---|---|
| a lower clearance surface extending radially outward and upward from the central axis so as to form an obtuse angle with respect to the outer crest surface, | |

56.     In compounding these deficiencies, many of the figures relied upon in the claim charts were drawn not from Zavation's own products, but from other patents, further demonstrating that Defendants did not conduct a good-faith, product-specific infringement analysis prior to issuing the Demand Letter. *See* **Exhibit 23** (excerpted above).

57.     Nor did the Demand Letter indicate in any other way that Defendant had performed any infringement analysis. The Demand Letter contained only conclusory allegations "that it is our belief that Zavation's CoreLink Tiger and CoreLink Centrafix spinal systems and product line extensions need a license to" practice certain Asserted Patents and that "[a]s we continue to become more aware and better understand your company's spinal systems, subsequent correspondence will most likely be forthcoming concerning the need for additional licenses to patent claims in Dr. Jackson's IP portfolio."

58.     The Demand Letter was addressed to Jeffrey Johnson, "President and CEO of Zavation" at 2670 Flowood Drive, Flowood Mississippi 39232. *See* **Exhibit 19.**

59.     Accordingly, when Defendants sent the Demand Letter, Defendants knew that Zavation was located in Mississippi.

60.     The Demand Letter was signed by Defendant Iqbal and printed on Defendant Polsinelli's letterhead. *Id.*

13

### *ZAVATION'S REPEATED REQUESTS FOR BASIC INFRINGEMENT POSITIONS ABSENT FROM DEMAND LETTER*

61. Following the initial Demand Letter, counsel for Zavation responded to Defendants on June 13, 2024 acknowledging receipt of the Demand Letter and noting that the claim charts (1) appeared to reference Dr. Jackson's own patents; (2) referenced patents assigned to Corelink LLC (rather than allegedly infringing products sold on the market); and (3) failed to identify where all the limitations in the recited claim elements were alleged to be met by the depictions. *See* **Exhibit 25**.

62. Defendants responded on June 26, 2024 with additional claim charts purporting to include supplemental infringement analyses for eight (8) of the ten (10) patents originally asserted with the Demand Letter, and reiterated Jackson's interest in meeting to further discuss his license demand. *See* **Exhibit 21.**

63. The claim charts provided in Defendants' June 26, 2024 correspondence were either identical to the previous charts or contained only minimal supplementation and thus remained woefully deficient. For example, one claim chart, titled "RPJ-0223-c" purported to show an alleged infringement analysis of the '027 Patent. *See* **Exhibit 25.**

64. There were numerous issues with this chart. First, it is not clear what products are alleged to infringe the '027 Patent. The words "Zavation" and "MIS" are handwritten on the top of the chart, and the word "Centrafix" is crossed off:



65. On the next page of the chart, the number "11,304,732" is written next to one of

the figures, apparently referencing that the figure in the claim chart was retrieved from U.S. Patent 11,304,732 to Corelink LLC. The claim chart failed to reference which Zavation product, if any, was allegedly infringing as shown below:



66.    Later in the claim chart, an additional figure from U.S. Patent 11,304,732 was provided adjacent to an unidentified patent figure. The word "omit" is handwritten in the column, and a number of limitations are not identified (i.e. the "expandable retaining structure" which Defendants inexplicably highlighted):



67.    The word "omit" is similarly handwritten on the next two pages of the claim chart, next to figures where the claim charts provide no identification of where any of the asserted limitations are allegedly met as shown below:

15



68.     Similar deficiencies persisted in other claim charts accompanying Defendants' June 26, 2024 correspondence. For example, in the document titled "RPJ-0227-c," (representing the '095 Patent) the word "Omit" is handwritten at the top of the document in red pen. *See* **Exhibit 27**:



69.     Further compounding the confusion with Defendants' supplemental, June 26, 2024 letter is the fact that certain claim charts, including for the '095 Patent referenced above, did not include any supplemental infringement analysis whatsoever. This was directly contrary to Iqbal's

assertion that Defendants "ha[d] provided additional notes responsive to [Zavation's] requests." *See* **Exhibit 26.**

70.    Zavation did not receive any additional correspondence from Defendants for nearly ten (10) months until a follow up letter was sent on April 1, 2025. *See* **Exhibit 26**.

71.    Defendants' April 1, 2025 letter did not provide any additional support or clarification for their infringement allegations. Rather, Defendants repeated the same allegations previously asserted, included the same claim charts previously provided, and expanded their infringement allegations to include claim charts and infringement allegations for two (2) additional Jackson patents (the '319 Patent and the '853 Patent). *See* **Exhibit 27.**

72.    Like the previously provided claim charts, the charts for the newly asserted '319 Patent and the '853 Patent also lack the necessary specificity for Zavation to meaningfully assess Defendants' infringement contentions. For example, portions of the claim chart for the '319 Patent, reproduced below (and attached as **Exhibit 27**), improperly rely on figures from a CoreLink LLC patent and fail to identify how Zavation's accused product(s) purportedly satisfy the asserted claim limitations.





73.    The April 1, 2025 letter was signed by Defendant Iqbal and drafted on Defendant Polsinelli's letterhead. *See* **Exhibit 26**.

74.    Defendants again represented that they were "open to licensing Dr. Jackson's patent portfolio" and requested that Zavation meet to discuss licensing "before this matter escalates or goes on longer than necessary." *Id.*

75.    Counsel for Zavation responded on April 30, 2025, again identifying the same issues raised previously: "(a) none of these claim charts align with any product [Zavation] is selling; (b) the charts appear to reference patent figures rather than product figures; (c) many of the charts are noted with 'omit'; and (d) the remaining claim charts are duplicative of the same charts sent previously and from which we could not discern any basis for infringement." *See* **Exhibit 21**.

76.    On October 13, 2025, nearly six (6) months later, Defendants responded to Zavation's April 30, 2025 email with a letter refusing to provide any requested detail and stating that "[o]ur concern is not whether or not the images and patent figures shown in the attached claim

18

charts exactly represent technology used in your client's products, but whether the technology claimed in the above-cited patents is incorporated in those products." **Exhibit 28.**

77.     Along with its October 13, 2025 letter, Defendants also asserted, for the first time, five (5) additional patents against Zavation, including the '932 Patent, the '938 Patent, the '856 Patent, the '352 Patent, and the '958 Patent. Defendants also added new infringement allegations not previously raised for the '853 Patent and the '319 Patent (which were originally asserted in its April 1, 2025 letter). *See* **Exhibit 29.**

78.     Like Defendants' previous claim charts, the claim charts included with the October 13, 2025 letter were also deficient. They failed to identify where any asserted claim limitations are allegedly met by Zavation's products and instead relied on images taken from Zavation's patent and various CoreLink LLC patents. By way of example, an excerpt of the claim chart provided for the newly-asserted '938 Patent is shown below (and attached as **Exhibit 29**).

19



79.     Defendants' October 13, 2025 letter also attached a draft license agreement. *See* **Exhibit 30**. The draft agreement was written to require Zavation to obtain a license not only to the Asserted Patents, but also to additional patents that had never been asserted against Zavation.

80.     As of October 13, 2025, Defendants had asserted a total of seventeen (17) patents against Zavation. Yet the draft license agreement provided by Defendants sought to license three hundred and sixty-four (364) patents to Zavation. *See* **Exhibit 30**.

81.     By attempting to compel Zavation to license patents beyond those allegedly at issue, Defendants sought to expand the scope of their demands and increase the financial pressure on Zavation, further evidencing the coercive and bad-faith nature of Defendants' licensing campaign.

82. The October 13, 2025 letter was signed by Defendant Iqbal and drafted on Defendant Polsinelli's letterhead. *See* **Exhibit 28**.

83. Counsel for Zavation responded to Defendants on November 12, 2025, again requesting fulsome claim charts, and explaining that given "the convoluted claim language [and] the absence of adequate claim charts" that the review was necessarily going to take time. *See* **Exhibit 21**.

84. Ignoring Zavation's request for fulsome claim charts, Defendants responded on December 17, 2025, simply reiterating Defendants' offer to meet to discuss potential licensing. **Exhibit 21.** Defendants' December 17, 2025 email did not include any supplemental claim charts.

85. On February 3, 2026, counsel sent a follow-up letter. *See* **Exhibit 31**. This letter included claim charts for the same patents asserted in Defendants' October 13, 2025 letter, except that the charts contained different images, purported analysis, and limited product references. *See* **Exhibit 32**.

86. The claim charts provided with the February 3, 2026 letter were insufficient for Zavation to assess Defendants' allegations. Like the claim charts previously presented, the claim charts accompanying the February 3, 2026 letter relied primarily on figures excerpted from another patent rather than a Zavation product, and failed to meaningfully correlate each asserted claim limitation to any accused product feature. *See* **Exhibit 32.**

87. For example, the figure excerpted below from the '932 Patent claim chart, which relies in part on a figure from another patent, merely reiterates portions of the claim limitation in a piecemeal fashion without actually identifying where specific limitations are purportedly met. Specifically, in the excerpt below, the "first pressure tab" is not identified in the Zavation Tiger Link 2 shown in the claim chart, and there is no meaningful distinction between the "integral

21

alignment structure," the "receiver alignment structure," and the first structure" which are recited

as separate elements of the claim but are improperly treated as a single element in the claim chart:



88.    Defendants' February 3, 2026 letter also included a new claim chart, alleging

infringement of the '392 Patent for the first time. *Id.*

89.    Like Defendants' prior claim charts, the claim chart provided for the '392 Patent

was insufficient for Zavation to assess Defendants' infringement allegations. In particular, for

many of the limitations of claim 1 of the '392 Patent, Defendants merely reproduced the claim

language in handwriting alongside figures taken from Zavation patents, without clearly identifying

which specific products were allegedly covered by the patent, specifying where each claimed

limitation was found, or providing any substantive explanation linking the products to the claim

elements, as shown in the excerpt from the claim chart for the '392 Patent below (and attached

hereto as **Exhibit 32)**:



| wherein the planar top surface on the proximal end portion of the anchor member is configured to remain spaced apart from the insert so as to not directly receive the downwardly-directed force in the locked position. | |

90.     Other issues persist throughout Defendants' February 3, 2026 claim charts. For example, despite the '392 Patent claim chart identifying six allegedly infringing products (CentraFix, Tiger, Tiger 2, Tiger MIS, Tiger X-Tabs, and Tiger OCT), the single claim chart only purports to show infringement of Tiger 1 and Tiger 2. No separate claim charts have been provided for the '392 Patent relating to the remaining Zavation products, leaving Zavation without the necessary information to assess Defendants' infringement allegations for the other identified product lines.

91.     The February 3, 2026 letter demanded that Zavation "immediately cease and desist from making, using, selling or offering to sell spine products, including the systems regarding which we have previously given notice of the infringing products, or take a license" without identifying which spine products to which Zavation should cease sales. *See* **Exhibit 31.**

92.     The February 3, 2025 letter was signed by Defendant Iqbal and drafted on Defendant Polsinelli's letterhead. *Id.*

93.     On March 3, 2026, Zavation met with Defendants to discuss Defendants' infringement allegations. Defendants Iqbal, Gemmell, and Jackson were present during this

meeting. In this meeting, Zavation provided some of its reasons for why it does not infringe the Asserted Patents, identified numerous deficiencies related to the claim charts, and identified directly relevant and invalidating prior art to the Asserted Patents.

94. Despite reviewing the directly relevant and invalidating prior art for the Asserted Patents, Defendants have continued to maintain that such prior art is not invalidating. Indeed, in a follow-up communication dated March 25, 2026 (attached hereto as **Exhibit 21**), Defendants summarily dismissed the disclosed prior art based on purported distinctions without undertaking any meaningful analysis of the asserted claims or Zavation's non-infringement and invalidity positions.

95. Defendants' cursory and conclusory treatment of this prior art further evidences their failure to conduct a reasonable pre-suit investigation and supports Zavation's allegations that Defendants are advancing infringement claims in bad faith.

96. To date, rather than providing adequate claim charts detailing how each Zavation product allegedly infringes the Asserted Patents, Defendants have continued to demand that Zavation enter into a license agreement covering the Asserted Patents and all of the Jackson Patents, while refusing to provide the basic factual support necessary to substantiate their infringement allegations. This conduct reflects Defendants' continued bad faith actions to pressure Zavation into paying for a license without first demonstrating any legitimate basis for their claims.

### *ZAVATION DOES NOT INFRINGE THE ASSERTED PATENTS*

97. Zavation does not directly or indirectly infringe any valid claim of the Asserted Patents. To the best of Zavation's knowledge, no third party infringes any valid claim of the Asserted Patents by using Zavation's products. Zavation has not caused, directed, requested, or facilitated any such infringement, must less with any specific intent to do so. Zavation's posterior

24

fixation products are not designed for use in any combination which infringes any valid claim of the Asserted Patents. To the contrary, Zavation's products have substantial uses that do not infringe any valid claim of the Asserted Patents.

## DEFENDANTS' CONDUCT VIOLATES THE MISSISSIPPI BAD FAITH ASSERTIONS OF PATENT INFRINGEMENT ACT (THE "BFAPIA")

98.     The BFAPIA guidelines explicitly provide multiple distinct factors and sub-factors for assessing whether a party is asserting a patent infringement claim in bad faith. *See* BFAPIA, § 75-24-353(1)(a-c). Several of the enumerated factors support a finding that Defendants have made a bad-faith patent assertion against Zavation.

99.     First, under § 75-24-353(1)(a), bad-faith patent infringement can be found if "[t]he communication threatens litigation if compensation is not paid or the infringement issue is not otherwise resolved and there is a consistent pattern of such threats having been issued and no litigation having been filed."

100.    Although Defendants have not always expressly used the word "litigation," their communications have clearly implied the prospect of impending legal action since their initial May 2, 2024 letter. *See* **Exhibit 19.** In that letter, Defendants stated: "We would also like to make you aware and inform you that it is our belief that Zavation's CoreLink Tiger and CoreLink Centrafix spinal systems and product line extensions need a license" to the Asserted Patents. Through this and subsequent correspondence, Defendants have repeatedly asserted that Zavation's products "need" a license to their patent portfolio and have pressed Zavation to engage in licensing discussions to resolve the alleged infringement.

101.    As noted above in Paragraph 87, Defendants have also demanded that Zavation cease use or sales of the accused products. Defendants' communications have constantly repeated the assertion that Zavation's products require a license.

25

102.    This course of conduct has persisted for nearly two years. During that time, Defendants have repeatedly raised allegations of infringement and suggested that the matter should be resolved through a license, yet they have not initiated litigation to adjudicate their claims, thereby maintaining a cloud of uncertainty over Zavation's right to continue selling its full line of spinal products.

103.    Moreover, Defendants' communications have been sporadic and characterized by lengthy periods of silence. For example, Defendants waited nearly ten (10) months to follow up on their June 13, 2024 email, *see* **Exhibit 22**, only doing so on April 1, 2025. *See* **Exhibit 25,**

104.    Thereafter, on April 30, 2025, Zavation requested that Defendants provide additional claim charts to substantiate their infringement allegations. *See* **Exhibit 27**. Defendants again failed to respond for nearly six (6) months. When Defendants ultimately responded on October 13, 2025, they did not cure the identified deficiencies. Instead, they introduced a new set of additional claim charts with five previously unasserted patents, albeit exhibiting the same deficiencies identified previously. *See* **Exhibits 28, 29**.

105.    Defendants' pattern of delay, characterized by prolonged periods of silence followed by renewed communications implying potential litigation, and repeated attempts to extract a license, demonstrates the type of conduct § 75-24-353(1)(c) identifies as bad-faith patent assertions.

106.    Moreover, under § 75-24-353(1)(c)(iii), bad-faith patent infringement can be found if "[t]he communication seeks compensation on account of activities undertaken after the patent has expired."

107.    Here, of the eighteen (18) Asserted Patents, ten (10) have expired. Despite this, Defendants' communications and licensing demands have failed to meaningfully distinguish

26

between the expired patents and the patents that remain in force.

108.    Instead, Defendants have presented their assertions as a single "portfolio" of patents and have sought to negotiate a license covering the entire group of Jackson Patents and Asserted Patents, without acknowledging that a substantial portion of those patents have already expired and therefore cannot support a claim for ongoing infringement.

109.    By continuing to rely on expired patents as part of their licensing demands and by failing to clarify that no compensation could be owed for activities occurring after those patents' expiration, Defendants have sought compensation based, at least in part, on activities undertaken after the expiration of the Asserted Patents. This conduct constitutes further evidence of Defendants' bad-faith patent assertion under § 75-24-353(c)(iii).

110.    In addition, under § 75-24-353(c)(iv)(3), bad-faith patent infringement can be found if "[t]he content of the communication fails to include the information necessary to inform an intended recipient . . . [of the] factual allegations concerning the specific areas in which the intended recipient or affiliated person's products, services, or technology infringed the patent or are covered by the claims in the patent."

111.    Here, Defendants' communications fail to provide the information necessary to meaningfully inform Zavation of the factual basis for their allegations of infringement.

112.    Although Defendants have provided what they characterize as claim charts, those materials do not identify how the accused products purportedly meet the specific limitations of the Asserted Patent claims. Instead, the claim charts merely reproduce the claim language alongside images taken from figures in Zavation's and CoreLink's patents, without explaining how any component, feature, or functionality of Zavation's products corresponds to the asserted claim limitations.

27

113. On numerous occasions, Defendants have alleged that multiple Zavation products infringe one or more of the Asserted Patents, yet their limited claim charts are piecemeal and, in some instances, fail entirely to address one or more of the accused products.

114. As a result, Defendants have not provided Zavation with a substantive explanation of the alleged infringement or identified the specific aspects of Zavation's products that supposedly satisfy each claim element. These deficient materials fail to provide the level of factual detail required to inform Zavation of the alleged infringement and therefore constitute further evidence of bad-faith patent assertions under § 75-24-353(c)(iv)(3).

115. All of the Defendants are obligated to ensure that their infringement allegations are supported by a reasonable factual and legal basis.

116. Despite these obligations, Defendants transmitted infringement allegations and deficient claim charts to Zavation without conducting a reasonable investigation sufficient to support the asserted claims.

## FIRST COUNT

**(Declaration of Non-Infringement of U.S. Patent No. 8,353,932)**

117. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

118. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 8,353,932 (the "'932 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '932 Patent is attached hereto as **Exhibit 1**.

119. Defendants have accused Zavation of infringing the '932 Patent based on allegations concerning Zavation's spinal fixation products, including the Tiger 2 and CentraFix spinal systems and related product line extensions.

28

120.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '932 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '932 Patent.

121.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '932 Patent. Based on Zavation's present understanding of the '932 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '932 Patent.

### SECOND COUNT

**(Declaration of Non-Infringement of U.S. Patent No. 8,556,938)**

122.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 8,556,938 (the "'938 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '938 Patent is attached hereto as **Exhibit 2**.

123.    Defendants have accused Zavation of infringing the '938 Patent based on allegations concerning Zavation's spinal fixation products, including the Tiger 2 and CentraFix spinal systems and related product line extensions.

124.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '938 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '938 Patent.

125.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '938 Patent. Based on

Zavation's present understanding of the '938 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '932 Patent.

## THIRD COUNT

**(Declaration of Non-Infringement of U.S. Patent No. 9,308,027)**

126. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 9,308,027 (the "'027 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '027 Patent is attached hereto as **Exhibit 3**.

127. Defendants have accused Zavation of infringing the '027 Patent based on allegations concerning Zavation's spinal fixation products, including the Corelink Tiger and Centrafix spinal systems and related product line extensions.

128. A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '027 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '027 Patent.

129. Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '027 Patent. Based on Zavation's present understanding of the '027 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '027 Patent.

## FOURTH COUNT

**(Declaration of Non-Infringement of U.S. Patent No. 9,456,853)**

130. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights,

30

title, and interest in U.S. Patent No. 9,456,853 (the "'853 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '853 Patent is attached hereto as **Exhibit 4**.

131. Defendants have accused Zavation of infringing the '853 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix spinal systems and related product line extensions.

132. A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '853 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '853 Patent.

133. Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '853 Patent. Based on Zavation's present understanding of the '853 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '853 Patent.

## FIFTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 9,999,452)

134. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 9,999,452 (the "'452 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '452 Patent is attached hereto as **Exhibit 5**.

135. Defendants have accused Zavation of infringing the '452 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix spinal systems and related product line extensions.

31

136.   A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '452 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '452 Patent.

137.   Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '452 Patent. Based on Zavation's present understanding of the '452 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '452 Patent.

## SIXTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 10,039,577)

138.   Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 10,039,577 (the "'577 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '577 Patent is attached hereto as **Exhibit 6**.

139.   Defendants have accused Zavation of infringing the '577 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix spinal systems and related product line extensions.

140.   A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '577 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '577 Patent.

141.   Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '577 Patent. Based on

Zavation's present understanding of the '577 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '577 Patent.

## SEVENTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 10,245,078)

142.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 10,245,078 (the "'078 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '078 Patent is attached hereto as **Exhibit 7**.

143.    Defendants have accused Zavation of infringing the '078 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix spinal systems and related product line extensions.

144.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '078 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '078 Patent.

145.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '078 Patent. Based on Zavation's present understanding of the '078 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '078 Patent.

## EIGHTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 10,441,319)

146.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights,

33

title, and interest in U.S. Patent No. 10,441,319 (the "'319 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '319 Patent is attached hereto as **Exhibit 8**.

147. Defendants have accused Zavation of infringing the '319 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix spinal systems and related product line extensions.

148. A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '319 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '319 Patent.

149. Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '319 Patent. Based on Zavation's present understanding of the '319 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '319 Patent.

## NINTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 10,751,095)

150. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 10,751,095 (the "'095 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '095 Patent is attached hereto as **Exhibit 9**.

151. Defendants have accused Zavation of infringing the '095 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger spinal system and related product line extensions.

34

152.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '095 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '095 Patent.

153.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '095 Patent. Based on Zavation's present understanding of the '095 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '095 Patent.

<div align="center">

**TENTH COUNT**

**(Declaration of Non-Infringement of U.S. Patent No. 11,051,856)**

</div>

154.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 11,051,856 (the "'856 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '856 Patent is attached hereto as **Exhibit 10**.

155.    Defendants have accused Zavation of infringing the '856 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix spinal systems and related product line extensions.

156.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '856 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '856 Patent.

157.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '856 Patent. Based on

<div align="center">35</div>

Zavation's present understanding of the '856 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '856 Patent.

## ELEVENTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 11,185,352)

158.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 11,185,352 (the "'352 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '352 Patent is attached hereto as **Exhibit 11**.

159.    Defendants have accused Zavation of infringing the '352 Patent based on allegations concerning Zavation's spinal fixation products, including the Tiger MIS X-TABS spinal systems and related product line extensions.

160.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '352 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '352 Patent.

161.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '352 Patent. Based on Zavation's present understanding of the '352 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '352 Patent.

## TWELFTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 11,419,638)

162.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights,

36

title, and interest in U.S. Patent No. 11,419,638 (the "'638 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '638 Patent is attached hereto as **Exhibit 12**.

163.    Defendants have accused Zavation of infringing the '638 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger spinal systems and related product line extensions.

164.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '638 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '638 Patent.

165.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '638 Patent. Based on Zavation's present understanding of the '638 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '638 Patent.

## THIRTEENTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 11,707,301)

166.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 11,707,301 (the "'301 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '301 Patent is attached hereto as **Exhibit 13**.

167.    Defendants have accused Zavation of infringing the '301 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix spinal systems and related product line extensions.

168. A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '301 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '301 Patent.

169. Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '301 Patent. Based on Zavation's present understanding of the '301 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '301 Patent.

## FOURTEENTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 11,826,079)

170. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 11,826,079 (the "'079 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '079 Patent is attached hereto as **Exhibit 14**.

171. Defendants have accused Zavation of infringing the '079 Patent based on allegations concerning Zavation's spinal fixation products, including the CoreLink Tiger and Centrafix systems and related product line extensions.

172. A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '079 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '079 Patent.

173. Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '079 Patent. Based on

Zavation's present understanding of the '079 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '079.

## FIFTEENTH COUNT

**(Declaration of Non-Infringement of U.S. Patent No. 11,925,392)**

174.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 11,925,392 (the "'392 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '392 Patent is attached hereto as **Exhibit 15**.

175.    Defendants have accused Zavation of infringing the '392 Patent based on allegations concerning Zavation's spinal fixation products, including the CentraFix, Tiger, Tiger 2, Tiger MIS, Tiger X-Tabs, and Tiger OCT spinal systems and related product line extensions.

176.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '392 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '392 Patent.

177.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '392 Patent. Based on Zavation's present understanding of the '392 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '392 Patent.

## SIXTEENTH COUNT

**(Declaration of Non-Infringement of U.S. Patent No. 11,931,080)**

178.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights,

title, and interest in U.S. Patent No. 11,931,080 (the "'080 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '080 Patent is attached hereto as **Exhibit 16**.

179.   Defendants have accused Zavation of infringing the '080 Patent based on allegations concerning Zavation's spinal fixation products, including the Tiger and CentraFix spinal systems and related product line extensions.

180.   A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '080 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '080 Patent.

181.   Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '080 Patent. Based on Zavation's present understanding of the '080 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '080 Patent.

<u>**SEVENTEENTH COUNT**</u>

**(Declaration of Non-Infringement of U.S. Patent No. 12,023,069)**

182.   Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 12,023,069 (the "'069 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '069 Patent is attached hereto as **Exhibit 17**.

183.   Defendants have accused Zavation of infringing the '069 Patent based on allegations concerning Zavation's spinal fixation products, including the Tiger and CentraFix spinal systems and related product line extensions.

40

184.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '069 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '069 Patent.

185.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '069 Patent. Based on Zavation's present understanding of the '069 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '069 Patent.

## EIGHTEENTH COUNT

### (Declaration of Non-Infringement of U.S. Patent No. 12,471,958)

186.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein. Upon information and belief, Defendant Jackson claims to own all rights, title, and interest in U.S. Patent No. 12,471,958 (the "'958 Patent"), including the right to seek damages for past, present, and future infringement thereof. A true and correct copy of the '958 Patent is attached hereto as **Exhibit 18**.

187.    Defendants have accused Zavation of infringing the '958 Patent based on allegations concerning Zavation's spinal fixation products, including the Tiger MIS and Tiger MIS X-Tabs spinal systems and related product line extensions.

188.    A substantial, immediate, and real controversy therefore exists between Zavation and Defendants regarding whether Zavation's products infringe, have infringed, or otherwise violate any valid claim of the '958 Patent. A judicial declaration is necessary to determine the parties' respective rights and obligations with respect to the '958 Patent.

189.    Zavation seeks a judgment declaring that it has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of the '958 Patent. Based on

Zavation's present understanding of the '958 Patent and Defendants' allegations, none of Zavation's spinal systems meet or embody the claims of the '958 Patent.

## NINETEENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 8,353,932)

190.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

191.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '932 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '932 Patent wrongfully, thereby injuring Zavation.

192.    The Claims of the '932 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '932 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

193.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

194.    By way of non-limiting example, upon information and belief, the claims of the '932 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation

system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '932 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '932 Patent.

195.    The '932 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that the asserted claim(s) contain(s) terms that lack enablement or written description under Pre-America Invents Act ("pre-AIA") 35 U.S.C. § 112.

196.    Zavation is entitled to a declaration that one or more asserted claims of the '932 Patent is invalid.

## TWENTIETH COUNT

### (Declaration of Invalidity of U.S. Patent No. 8,556,938)

197.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

198.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '938 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '938 Patent wrongfully, thereby injuring Zavation.

199.    The Claims of the '938 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '938 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of

43

35 U.S.C. § 112.

200. The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

201. By way of non-limiting example, upon information and belief, the claims of the '938 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '938 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '938 Patent.

202. The '938 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that the asserted claim(s) contain(s) terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

203. Zavation is entitled to a declaration that one or more asserted claims of the '938 Patent is invalid.

<div align="center">

**TWENTY-FIRST COUNT**

**(Declaration of Invalidity of U.S. Patent No. 9,308,027)**

</div>

204. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

<div align="center">44</div>

205. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '027 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '027 Patent wrongfully, thereby injuring Zavation.

206. The Claims of the '027 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '027 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

207. The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

208. By way of non-limiting example, upon information and belief, the claims of the '027 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '027 Patent prosecution history, as well as various posterior fixation

devices publicly available prior to the earliest priority date of the '027 Patent.

209.    The '027 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

210.    Zavation is entitled to a declaration that one or more asserted claims of the '027 Patent is invalid.

**TWENTY-SECOND COUNT**

**(Declaration of Invalidity of U.S. Patent No. 9,456,853)**

211.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

212.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '853 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '853 Patent wrongfully, thereby injuring Zavation.

213.    The Claims of the '853 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '853 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

214.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

46

215.    By way of non-limiting example, upon information and belief, the claims of the '853 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '853 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '853 Patent.

216.    The '853 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

217.    Zavation is entitled to a declaration that one or more asserted claims of the '853 Patent is invalid.

## TWENTY-THIRD COUNT
### (Declaration of Invalidity of U.S. Patent No. 9,999,452)

218.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

219.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '452 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '452 Patent wrongfully, thereby injuring Zavation.

220.    The Claims of the '452 Patent are invalid and unenforceable because one or more

47

claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '452 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

221. The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

222. By way of non-limiting example, upon information and belief, the claims of the '452 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '452 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '452 Patent.

223. The '452 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

224. Zavation is entitled to a declaration that one or more asserted claims of the 452

Patent is invalid.

## TWENTY-FOURTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,039,577)

225.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

226.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '577 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '577 Patent wrongfully, thereby injuring Zavation.

227.    The Claims of the '577 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '577 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

228.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

229.    By way of non-limiting example, upon information and belief, the claims of the '577 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving

49

a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '577 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '577 Patent.

230.    The '577 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

231.    Zavation is entitled to a declaration that one or more asserted claims of the '577 Patent is invalid.

**TWENTY-FIFTH COUNT**

**(Declaration of Invalidity of U.S. Patent No. 10,245,078)**

232.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

233.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '078 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '078 Patent wrongfully, thereby injuring Zavation.

234.    The Claims of the '078 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '078 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

50

235. The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

236. By way of non-limiting example, upon information and belief, the claims of the '078 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '078 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '078 Patent.

237. The '078 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

238. Zavation is entitled to a declaration that one or more asserted claims of the '078 Patent is invalid.

## TWENTY-SIXTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,441,319)

239. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

240. In view of the facts and allegations set forth above, there is an actual, justiciable,

51

substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '319 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '319 Patent wrongfully, thereby injuring Zavation.

241.    The Claims of the '319 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '319 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

242.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

243.    By way of non-limiting example, upon information and belief, the claims of the '319 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '319 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '319 Patent.

244. The '319 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

245. Zavation is entitled to a declaration that one or more asserted claims of the '319 Patent is invalid.

### TWENTY-SEVENTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 10,751,095)

246. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

247. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '095 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '095 Patent wrongfully, thereby injuring Zavation.

248. The Claims of the '095 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '095 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

249. By way of non-limiting example, upon information and belief, the claims of the '095 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving

53

a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '095 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '095 Patent.

250.    Additionally, the asserted claims are anticipated by and/or would have been obvious in view of prior art including, for example, the prior art of record in the '095 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '095 Patent.

251.    The '095 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

252.    Zavation is entitled to a declaration that one or more asserted claims of the '095 Patent is invalid.

### TWENTY-EIGHTH COUNT
### (Declaration of Invalidity of U.S. Patent No. 11,051,856)

253.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

254.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '856 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '856 Patent wrongfully, thereby injuring Zavation.

255.    The Claims of the '856 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112.

Specifically, the claims of the '856 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

256. The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

257. By way of non-limiting example, upon information and belief, the claims of the '856 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '856 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '856 Patent.

258. The '856 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

259. Zavation is entitled to a declaration that one or more asserted claims of the '856 Patent is invalid.

## TWENTY-NINTH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,185,352)

260.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

261.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '352 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '352 Patent wrongfully, thereby injuring Zavation.

262.    The Claims of the '352 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '352 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

263.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

264.    By way of non-limiting example, upon information and belief, the claims of the '352 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices

56

and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '352 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '352 Patent.

265.    The '352 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

266.    Zavation is entitled to a declaration that one or more asserted claims of the '352 Patent is invalid.

## THIRTIETH COUNT

### (Declaration of Invalidity of U.S. Patent No. 11,419,638)

267.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

268.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '638 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '638 Patent wrongfully, thereby injuring Zavation.

269.    The Claims of the '638 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '638 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

270.    The claims are not enabled, lack novelty, are each taught and suggested by the prior

57

art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

271.    By way of non-limiting example, upon information and belief, the claims of the '638 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '638 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '638 Patent.

272.    The '638 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

273.    Zavation is entitled to a declaration that one or more asserted claims of the '638 Patent is invalid.

## THIRTY-FIRST COUNT
### (Declaration of Invalidity of U.S. Patent No. 11,707,301)

274.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

275.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity

58

of the '301 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '301 Patent wrongfully, thereby injuring Zavation.

276. The Claims of the '301 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '301 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

277. The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

278. By way of non-limiting example, upon information and belief, the claims of the '301 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '301 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '301 Patent.

279. The '301 Patent fails to comply with the written description, enablement, and

definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

280.    Zavation is entitled to a declaration that one or more asserted claims of the '301 Patent is invalid.

**THIRTY-SECOND COUNT**

**(Declaration of Invalidity of U.S. Patent No. 11,826,079)**

281.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

282.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '079 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '079 Patent wrongfully, thereby injuring Zavation.

283.    The Claims of the '079 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '079 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

284.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

285.    By way of non-limiting example, upon information and belief, the claims of the '079 Patent are invalid as obvious under International Patent Application WO2003024343, titled

60

"Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '079 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '079 Patent.

286. The '079 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

287. Zavation is entitled to a declaration that one or more asserted claims of the '079 Patent is invalid.

<div align="center">

**THIRTY-THIRD COUNT**

**(Declaration of Invalidity of U.S. Patent No. 11,925,392)**

</div>

288. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

289. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '392 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '392 Patent wrongfully, thereby injuring Zavation.

290. The Claims of the '392 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '392 Patent are invalid at least for claiming unpatentable subject

matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

291. The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

292. By way of non-limiting example, upon information and belief, the claims of the '392 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '392 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '392 Patent.

293. The '392 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

294. Zavation is entitled to a declaration that one or more asserted claims of the '392 Patent is invalid.

**THIRTY-FOURTH COUNT**

**(Declaration of Invalidity of U.S. Patent No. 11,931,080)**

295.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

296.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '080 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '080 Patent wrongfully, thereby injuring Zavation.

297.    The Claims of the '080 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '080 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

298.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

299.    By way of non-limiting example, upon information and belief, the claims of the '080 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices

and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '080 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '080 Patent.

300.    The '080 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

301.    Zavation is entitled to a declaration that one or more asserted claims of the '080 Patent is invalid.

<div align="center">

**THIRTY-FIFTH COUNT**

**(Declaration of Invalidity of U.S. Patent No. 12,023,069)**

</div>

302.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

303.    In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity of the '069 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '069 Patent wrongfully, thereby injuring Zavation.

304.    The Claims of the '069 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '069 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

305.    The claims are not enabled, lack novelty, are each taught and suggested by the prior

<div align="center">64</div>

art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

306. By way of non-limiting example, upon information and belief, the claims of the '069 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '069 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '069 Patent.

307. The '069 Patent fails to comply with the written description, enablement, and definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

308. Zavation is entitled to a declaration that one or more asserted claims of the '069 Patent is invalid.

## THIRTY-SIXTH

### (Declaration of Invalidity of U.S. Patent No. 12,471,958)

309. Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

310. In view of the facts and allegations set forth above, there is an actual, justiciable, substantial, and immediate controversy between Zavation and Defendants regarding the validity

of the '958 Patent. Absent a declaration of invalidity, Defendants will continue to assert the '958 Patent wrongfully, thereby injuring Zavation.

311.    The Claims of the '958 Patent are invalid and unenforceable because one or more claims fail to meet the "conditions of patentability" of 35 U.S.C. §§ 102, 103, and/or 112. Specifically, the claims of the '958 Patent are invalid at least for claiming unpatentable subject matter by being anticipated under 35 U.S.C. § 102, for being obvious under 35 U.S.C. § 103, and/or for failing to comply with the written description, enablement, and/or definiteness requirements of 35 U.S.C. § 112.

312.    The claims are not enabled, lack novelty, are each taught and suggested by the prior art, and are obvious in view of the prior art. For example, the independent claims each recite product features or other similar limitations that would have been obvious in view of, at least, the prior art of record in the patent prosecution history.

313.    By way of non-limiting example, upon information and belief, the claims of the '958 Patent are invalid as obvious under International Patent Application WO2003024343, titled "Spinal osteosynthesis system comprising a support pad" to Vienney, alone or alternatively in view of U.S. Patent Application Publication No. 2004/0153068 titled "Low profile spinal fixation system" to Janowski, in view of U.S. Patent No. 7,618,444 titled "Surgical instrument for moving a vertebra" to Shluzas, in view of U.S. Patent No. 8,617,210 titled "Percutaneous access devices and bone anchor assemblies" to Sicvol, in view of U.S. Patent. No. 8,828,060 titled "Element with a shank and a holding element connected to it for connecting to a rod" to Biedermann, in addition to the prior art of record in the '958 Patent prosecution history, as well as various posterior fixation devices publicly available prior to the earliest priority date of the '958 Patent.

314.    The '958 Patent fails to comply with the written description, enablement, and

66

definiteness requirements of 35 U.S.C. § 112 in that at least Claim 1 contains terms that lack enablement or written description under pre-AIA 35 U.S.C. § 112 ¶ 1.

315.    Zavation is entitled to a declaration that one or more asserted claims of the '958 Patent is invalid.

## THIRTY-SEVENTH COUNT

### (Violation of the Mississippi Bad Faith Assertion of Patent Infringement Act)

316.    Zavation restates and incorporates by reference all allegations in this Complaint as if fully set forth herein.

317.    Defendants' repeated assertions of patent infringement and licensing demands against Zavation—as demonstrated in the Demand Letter, the subsequent letters from Defendants, the numerous deficient claim charts, and as stated during the Parties' telephonic conferences and email correspondence—are both objectively baseless and subjectively made in bad faith.

318.    For example, as evidenced by the Demand Letter itself and the limited, delayed claim charts, Defendants failed to conduct a reasonable comparison of the claims of the Asserted Patents to each of the accused Zavation products. Any reasonable investigation would have revealed that Zavation's products do not infringe any valid and enforceable claim of the Asserted Patents. Yet Defendants have continued to assert their meritless claims of infringement despite Zavation's explanations of non-infringement and invalidity.

319.    Defendants' conduct, including their sending of the Demand Letter, subsequent letters, and participating in threatening Zavation with objectively baseless patent litigation constitutes abusive patent assertion in violation of the BFAPIA. *See* Miss. Code Ann. §§ 75-24-351, *et seq*.

320.    Defendants' course of conduct to date, as reflected in the Demand Letter, subsequent communications, and repeated licensing demands for a portfolio of now three-hundred

67

and sixty-four (364) patents—despite asserting only eighteen (18) patents against Zavation— further demonstrates a pattern of bad-faith enforcement efforts designed to extract unwarranted payments rather than to legitimately enforce valid patent rights. *See* Miss. Code Ann. §§ 75-24-351, *et seq*.

321.    As a result of Defendants' objectively baseless and subjectively bad-faith and abusive assertions that Zavation's products infringe the Asserted Patents, Zavation has suffered and continues to suffer damages and incur costs, fees (including attorneys' fees), and other harm, all of which are recoverable under the Mississippi Bad Faith Assertion of Patent Infringement Act. *See* Miss. Code Ann. §§ 75-24-357.

322.    In particular, as a result of the nearly two-year long campaign of bad faith acts discussed above without any filing of suit, Zavation has been forced to divert resources to research, review, and investigate Defendants' claims, as well as correspond with attorneys and Defendants to respond to these baseless claims. Defendants' bad acts were the direct cause of those diversions, and they have caused a significant burden on and damages to Zavation.

323.    Zavation seeks both equitable relief enjoining Defendants from continuing to assert the Asserted Patents or any other Jackson Patents listed in the Draft License Agreement sent by Defendants, **Exhibit 21**, against Zavation, its customers, or its products as well as recovery of its damages, costs, and fees under BFAPIA and 35 U.S.C. § 285, together with an award of exemplary damages in an amount equal to three (3) times the total of actual damages. *See id*. §§ 75-24-357(a-b).

## **PRAYER FOR RELIEF**

WHEREFORE, Zavation prays for judgment and relief as follows:

A.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '932 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '932 Patent against Zavation;

B.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '938 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '938 Patent against Zavation;

C.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '027 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '027 Patent against Zavation;

D.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '853 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or

69

participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '853 Patent against Zavation;

E.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '452 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '452 Patent against Zavation;

F.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '577 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '577 Patent against Zavation;

G.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '078 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '078 Patent against Zavation;

H.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '319 Patent and enjoining

70

Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '319 Patent against Zavation;

I.    Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '095 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '095 Patent against Zavation;

J.    Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '856 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '856 Patent against Zavation;

K.    Declaring that Zavation's posterior fixation devices including,  but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '352 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '352 Patent against Zavation;

L.    Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink

71

Centrafix do not infringe directly or indirectly any valid claims of the '638 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '638 Patent against Zavation;

M.      Declaring that Zavation's posterior fixation devices, including the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '301 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '301 Patent against Zavation;

N.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '079 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '079 Patent against Zavation;

O.      Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '392 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '392 Patent against Zavation;

72

P. Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '080 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '080 Patent against Zavation;

Q. Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '069 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '069 Patent against Zavation;

R. Declaring that Zavation's posterior fixation devices including, but not limited to, the (1) CoreLink Tiger MIS, (2) Tiger2, (3) Tiger X-Tabs, (4) Tiger OCT, and (5) CoreLink Centrafix do not infringe directly or indirectly any valid claims of the '958 Patent and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from directly or indirectly charging infringement, or instituting further action for infringement, of the '958 Patent against Zavation;

S. Declaring that the '932 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '932 Patent against Zavation,

73

including by charging infringement or instituting any action for infringement based on the '932 Patent;

T.      Declaring that the '938 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '938 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '938 Patent;

U.      Declaring that the '027 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '027 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '027 Patent;

V.      Declaring that the '853 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '853 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '853 Patent;

W.      Declaring that the '452 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active

concert or participation with them, from asserting or enforcing the '452 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '452 Patent;

X.     Declaring that the '577 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '577 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '577 Patent;

Y.     Declaring that the '078 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '078 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '078 Patent;

Z.     Declaring that the '319 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '319 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '319 Patent;

AA.    Declaring that the '095 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112,

and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '095 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '095 Patent;

BB.    Declaring that the '856 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '856 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '856 Patent;

CC.    Declaring that the '352 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '352 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '352 Patent;

DD.    Declaring that the '638 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '638 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '638 Patent;

EE.    Declaring that the '301 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '301 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '301 Patent;

FF.    Declaring that the '079 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '079 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '079 Patent;

GG.    Declaring that the '392 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '392 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '392 Patent

HH.    Declaring that the '080 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '080 Patent against Zavation,

including by charging infringement or instituting any action for infringement based on the '080 Patent;

II.    Declaring that the '069 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '069 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '069 Patent;

JJ.    Declaring that the '958 Patent is invalid under one or more provisions of Title 35 of the United States Code including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112, and enjoining Defendants, their officers, agents, employees, attorneys, and all persons in active concert or participation with them, from asserting or enforcing the '958 Patent against Zavation, including by charging infringement or instituting any action for infringement based on the '958 Patent;

KK.    An order enjoining Defendants from asserting any of the Jackson Patents against Zavation;

LL.    Finding that this is an exceptional case under 35 U.S.C. § 285;

MM.    Awarding Zavation its costs and attorneys' fees in connection with this action;

NN.    An order finding Defendants' conduct to be in violation of the Mississippi Bad Faith Assertion of Patent Infringement Act (Miss. Code Ann. §§ 75-24-351, *et seq.*) and awarding to Zavation all remedies contemplated by the BFAPIA including, but not limited to, exemplary damages in an amount equal to three (3) times the total of all damages, costs, expenses, and fees (including attorneys' fees) incurred by Zavation as a result of Defendants' bad-faith assertion of

patent infringement, together with all pre-judgment interest and post-judgment interest as provided by law, as well as equitable relief to estop Defendants from asserting the Asserted Patents or any of the Jackson Patents against Zavation; and

OO.    Such further and additional relief as the Court deems just and proper.

## JURY DEMAND

Zavation demands a jury trial on all issues and claims so triable.

DATED: April 15, 2026.                    Respectfully submitted,

PHELPS DUNBAR LLP


By: */s/ John T. Rouse*
John T. Rouse, MS Bar #101586
Sonya C. Dickson, MS Bar #106284
1905 Community Bank Way
Suite 200
Flowood, Mississippi 39232
Telephone: 601-352-2300
Facsimile: 601-360-9777
Email: john.rouse@phelps.com
Email: sonya.dickson@phelps.com

**ATTORNEYS FOR PLAINTIFF**