**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**ZAVATION MEDICAL PRODUCTS, LLC** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:26-cv-254-DPJ-MTP**

**ROGER P. JACKSON, ET AL.** **DEFENDANTS**

# ORDER

THIS MATTER is before the Court on Defendants' Motion to Bifurcate and Stay [46]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [46] should be granted.

On April 15, 2026, Plaintiff Zavation Medical Products, LLC—a company that designs, develops, manufactures, and distributes medical device products—filed this action against Dr. Roger Jackson, the law firm of Polsinelli PC, and two of its attorneys (Thomas Gemmell and Iqra Iqbal). In its Amended Complaint [13], Plaintiff alleges that Defendants, in bad faith, asserted infringement of eighteen U.S. patents ("Asserted Patents"). *See* [13] at 2. According to Plaintiff, it did not infringe any valid or enforceable patent. *Id*. at 3.

In this action, Plaintiff seeks a declaratory judgment finding that its products do not infringe the Asserted Patents, the Asserted Patents are invalid, Defendants' lack standing to assert five of the Asserted Patents because they were assigned to a third-party under a 2014 agreement, and Defendants' assertion of those five patents constitutes patent misuse. *Id*. at 3, 15, 34-72, 76-78. Additionally, Plaintiff asserts a claim under the Mississippi Bad Faith Assertion of Patent Infringement Act, Miss, Code Ann. §§ 75-24-351, *et seq*. *Id*. at 73.

On June 5, 2026, Defendants filed an Answer [19] denying that Plaintiff is entitled to any relief and asserting counterclaims, including infringement of the eighteen Asserted Patents and

"willfulness/bad faith." *See* [19] at 107, 131-181. Thereafter, Plaintiff filed a Motion [24] seeking dismissal of Defendants' infringement counterclaims concerning the five Asserted Patents that were allegedly assigned to a third-party. On July 10, 2026, Defendants filed an Amended Answer [29] removing their infringement counterclaims concerning those five Asserted Patents. *See* [29] at 130-65.

On July 14, 2026, Defendants filed a Motion [33] seeking dismissal of Plaintiff's claim under the Mississippi Bad Faith Assertion of Patent Infringement Act arguing that (1) Plaintiff is not an "intended recipient," which is the only entity that may bring a private cause of action under the Act and (2) Plaintiff lacks Article III standing to bring the claim because it has failed to plead sufficient harm. A week later, Plaintiff moved for leave to file an amended complaint that would drop its claim under the Mississippi Bad Faith Assertion of Patent Infringement Act and add two new claims—fraud and civil conspiracy. *See* Motion [38]. Defendants oppose the Motion [38], which remains pending.

On July 23, 2026, the Court conducted a case management conference but, after conferring with the parties, deferred entry of a case management order. Following the conference, the Court directed the parties to submit a plan and schedule for patent disclosures and claim construction proceedings and agreed limitations for written discovery requests.

On August 4, 2026, Defendants filed the instant Motion [46] requesting that the Court, pursuant to Fed. R. Civ. P. 42(b), bifurcate Plaintiff's state law claims from the patent claims and counterclaims and stay the proceedings concerning the state law claims pending resolution of the federal patent law issues. In other words, Defendants ask that this action be conducted in two phases, with Phase I addressing the federal patent law issues, including Plaintiff's claims for

declaratory judgment and Defendants' patent infringement counterclaims,[1] and Phase II addressing Plaintiff's state-law claims, whether they are ultimately claims under the Mississippi Bad Faith Assertion of Patent Infringement Act or fraud and civil conspiracy claims.

Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The decision to bifurcate is "within the sole discretion of the trial court." *Sims v. City of Jasper, TX*, 117 F.4th 283, 288 (5th Cir. 2024). Bifurcation "is not the usual course that should be followed," *Sims*, 117 F.4th at 288, but the decision should be made on a case-by-case basis. *Laitram Corp. v. Hewlett-Packard Co.*, 791 F. Supp. 113, 114 (E.D. La. 1992).

As Rule 42(b) directs, courts consider convenience, efficiency, economy, and prejudice when deciding whether to bifurcate. *Sims*, 117 F.4th at 290. To weigh these considerations, court look to several factors, including "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the posture of discovery as to the respective claims suggest that they should not be tried jointly; (3) whether the claims present common questions of fact or law; (4) whether the claims will require testimony of different witnesses and documentary proof; and (5) the prejudice to either party in the event separate trials are ordered." *BNJ Leasing, Inc. v. Portabull Fuel Service, LLC*, 2021 WL 12319914, at *1 (S.D. Miss. Mar. 11, 2021) (citation omitted). "In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration

[1] In their Reply [58], Defendants make clear that the issue of whether Dr. Jackson assigned five of the Asserted Patents should be addressed in Phase I.

is directed toward the choice most likely to result in a just final disposition of the litigation." *In re Innotron Diagnosis*, 800 F.2d 1077, 1084 (Fed. Cir. 1986).

Defendants also ask that the Court stay the proceedings concerning the state law claims (Phase II) pending resolution of the federal patent law issues (Phase I). Courts have broad discretion to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). In deciding whether to grant a stay, Courts consider "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Peavey Electronics Corp. v. Music Group Services US, Inc.*, 2014 WL 12323520, at *2 (Mar. 10, 2014) (citing *Soverain Software LLC v. Amazon.com, Inc.*, 356 F.Supp.2d 660 (E.D. Tex. 2005)).

In support of bifurcation and a stay, Defendants argue that resolution of Phase I may be determinative of the viability of the claims in Phase II. The Court notes that "federal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith." *Dominant Semiconductors Sdn. Bhd. v. OSRAM GmbH*, 524 F.3d 1254, 1260 (Fed. Cir. 2008). "Federal patent law likewise preempts state-law tort liability when a patentee in good faith communicates allegations of infringement of its patent." *Id*.

The "bad faith" standard has objective and subjective components, and bad faith is not established "in the absence of a showing that the claims asserted were objectively baseless," such that "no reasonable litigant could reasonably expect success on the merits." *Id*. "Absent a showing that the infringement allegations are objectively baseless, it is unnecessary to reach the

question of the patentee's intent." *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1370 (Fed. Cir. 2008).

According to Defendants, Plaintiff's state-law claims are dependent on the findings in the proposed Phase I. Plaintiff, on the other hand, argue that Phase I would not necessarily be determinative of all claims in Phase II. While that may be the case, the record demonstrates that resolution of the federal patent law issues has the potential to narrow and significantly simplify the state law claims.

Defendants also argue that the issues presented and the discovery needed in each proposed phase differ substantially. Phase I would focus on the Asserted Patents' specification, the asserted art, patent ownership, and Plaintiff's products and their design. Phase II would focus on Defendants' knowledge, counsels' advice, communications, the nature of the alleged conspiracy, reliance, and damages. Said differently, Phase II "would instead focus on communication, mental impressions, litigation strategy, reliance, causation, and damages—not claim construction, prior art, product design, or technical infringement analysis." *See* [58] at 7.

The Court has not entered a case management order, and discovery has not yet begun. Defendants ask that the Court allow the parties to "resolve the objective patent issues first and determine what, if anything, remains before the parties incur the burden and prejudice of attorney-centered tort discovery." *See* [58] at 8. The Court agrees that the nature of the claims and discovery supports a phased approach, and although a phased approach may result in some duplication of efforts and evidence, that does not overcome the weight of the factors supporting a phased approached.

As Defendants note, without bifurcation and a stay, they are at risk of being deprived their choice of counsel. In support of their Motion [46], Defendants argue that Plaintiff will seek

to have their counsel disqualified as Plaintiff has sought to place at issue counsel's investigation, advice, analysis, and communications. Indeed, on August 18, 2026, Plaintiff moved for an order disqualifying "Polsinelli from representing Jackson in this case, and particularly relating to any matter pertaining to the Defendants' civil conspiracy to fraudulently and in bad faith assert patents against Zavation." *See* [56] at 19. Defendants argue that the Court should require the resolution of Phase I without requiring either side to waive privilege or submit their counsel to discovery.

For its part, Plaintiff points out that their state law claims would be delayed if the Court were to grant Defendants' Motion [46]. The Court acknowledges that such delay may cause some inconvenience, but it would also be accompanied by benefits to all parties. Resolution of the first phase has the potential to significantly simplify this action before the second phase begins, allows Defendants to address the patent issues with counsel of their choosing, and has the potential to limit certain discovery directed to counsel and limit the privilege issues and other difficulties associated with that discovery. *See DSM IP Assets, B.V. v. Honeywell International, Inc.*, 2024 WL 639991, at * (D. Del. Feb. 15, 2024) (collecting cases holding that a phased approach in patent litigation is preferable).

IT IS, THEREFORE, ORDERED that Defendants' Motion to Bifurcate and Stay [46] is GRANTED. A case schedule will be set via separate case management order.

SO ORDERED this the 16th day of October, 2026.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE